UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-45-GWU

TERESA A. PHILLIPS,                                      PLAINTIFF,

VS.                **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT.

## INTRODUCTION

Teresa Phillips brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

08-45  Teresa A. Phillips

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

08-45  Teresa A. Phillips

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

>whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

08-45  Teresa A. Phillips

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

08-45  Teresa A. Phillips

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

08-45  Teresa A. Phillips

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Phillips, a 43-year-old former short order cook/carhop with a high school education, suffered from impairments related to a back condition, borderline intelligence, and an anxiety disorder. (Tr. 14, 19). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 17, 19). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 19-20). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

08-45  Teresa A. Phillips

The hypothetical question presented to Vocational Expert Ed Smith included such factors as a person of Phillips' age and work background with a third grade reading level limited to light level work, restricted from a full range by such non-exertional limitations as (1) an inability to perform more than simple, repetitive tasks in an object-focused work setting; (2) an inability to more than occasionally bend, stoop, or crouch; and (3) the need for a sit/stand option in 30 minute intervals. (Tr. 581). In response, Smith identified a significant number of other jobs which could still be performed. (Tr. 582-583). Therefore, assuming that the vocational factors considered by the vocational expert fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. Mark Burns examined the plaintiff and reported normal physical and orthopedic examinations with no sign of motor dysfunction, sensory loss or reflex abnormalities being indicated. (Tr. 138). Dr. Burns specifically opined that the claimant would not be impaired in her ability to lift, carry, handle objects, hear, see, speak, or travel. (Id.). The physical factors of the hypothetical question were consistent with this opinion. Dr. Parandhamulu Saranga, a non-examining medical reviewer, opined that Phillips' physical problems were "less than severe." (Tr. 519). No treating or examining source of record,

8

08-45 Teresa A. Phillips

including the staff at Appalachian Regional Healthcare (Tr. 142-474, 527-550) and Dr. Sidhu (Tr. 551-557) identified the existence of more severe physical restrictions than those found by the ALJ. Therefore, substantial evidence supports this portion of the administrative decision.

The ALJ also dealt properly with the evidence relating to Phillips' mental status. Psychologist Phil Pack examined the plaintiff and diagnosed an anxiety disorder and borderline intelligence.[1] (Tr. 134). Pack indicated that the claimant would have a "fair to poor" ability to understand, retain, and follow directions, a "fair" ability to sustain attention to perform repetitive tasks, a "fair" ability to relate to others including fellow workers or supervisors, and a "fair to good" ability to adapt to the stress and pressures of day-to-day work activities.[2] (Tr. 134-135). While these restrictions were not directly presented to the vocational expert, the mental factors which were given were arguably compatible with Pack's findings. Phillips has not argued that the ALJ erred on this point.

Psychologists Stephen Scher (Tr. 481-482) and Edward Stodola (Tr. 500-501), the non-examining medical reviewers, each opined that Phillips would be

---

[1] Intelligence testing revealed a Performance IQ score of 68, a Verbal IQ score of 73 and a Full Scale IQ score of 68. (Tr. 133). However, despite two scores in the mild mental retardation range, the examiner did not consider these to be valid. (Tr. 134).

[2] "Poor" was defined as "ability to function is seriously limited but not precluded." (Tr. 135). "Fair" was defined as "ability to function is limited but satisfactory." (Id.). "Good" was defined as "ability to function is more than satisfactory." (Id.).

08-45  Teresa A. Phillips

"moderately" limited in understanding, remembering and carrying out detailed instructions and in responding appropriately to changes in the work setting.  The mental factors presented to Smith were consistent with these limitations.

Phillips sought treatment for her mental problems at the Cumberland River Comprehensive Care Center.  Her Global Assessment of Functioning (GAF) was rated at 70.  (Tr. 478).  Such a GAF suggests the existence of only "mild" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  The ALJ's findings appear compatible with this opinion.  Therefore, substantial evidence also supports this portion of the administrative decision.

Phillips argues that the ALJ erred in failing to include her diagnosis of an anxiety disorder in the hypothetical question.  However, the Sixth Circuit Court of Appeals has addressed this argument and stated that hypothetical questions are not required to contain a list of the claimant's medical conditions.  Webb v. Commissioner of Social Security, 368 F.3d 629, 631 (6th Cir. 2004).  Therefore, the court must reject the plaintiff's argument.

Phillips also asserts that the ALJ erred by failing to provide a specific rationale for rejecting the credibility of her testimony as required by Social Security Ruling 96-7p.  However, as noted by the defendant, the ALJ cited a number of reasons for this finding, including the conservative nature of her treatment for

08-45  Teresa A. Phillips

physical complaints with a lack of referrals for surgery or other aggressive treatments, the relatively unremarkable laboratory results and physical examination findings, her limited use of pain medication, and her own admitted level of physical functioning.  (Tr. 18).  Therefore, the court must reject the plaintiff's argument.

After review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 19th day of November, 2008.

Signed By:

<u>G. Wix Unthank</u>

United States Senior Judge